**Opinion filed November 30, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00274-CR

_____

## CRISHA HARRELL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 10859-D**

## M E M O R A N D U M   O P I N I O N

Crisha Harrell, Appellant, has filed an untimely pro se notice of appeal from a conviction for the offense of criminal mischief. We dismiss the appeal.

The documents on file in this case indicate that Appellant's sentence was imposed on August 28, 2015, and that her notice of appeal was filed in the district clerk's office on October 29, 2015. When the appeal was filed in this court, we notified Appellant by letter that the notice of appeal appeared to be untimely and

that the appeal may be dismissed for want of jurisdiction. We requested that Appellant respond to our letter and show grounds to continue.

Appellant's trial counsel has filed a response to this court's letter in which counsel states that he is unaware of any grounds upon which to continue this appeal. Counsel has discussed the matter with Appellant. Counsel agrees that the notice of appeal was not filed in a timely manner.

Pursuant to TEX. R. APP. P. 26.2(a), a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's notice of appeal was filed with the clerk of the trial court sixty-two days after sentence was imposed and that no motion for new trial was filed. Neither a notice of appeal nor a motion for extension were filed within the fifteen-day period permitted by TEX. R. APP. P. 26.3. The notice of appeal was, therefore, untimely. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993).

This appeal is dismissed for want of jurisdiction.


PER CURIAM

November 30, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

2